11-1037-cv
Abbey v. Skokos

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen,

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
                      *Circuit Judges.*[*]

_____

ARTHUR N. ABBEY,

                         *Plaintiff-Appellant*,

              -v-                                                11-1037-cv

THEODORE C. SKOKOS

                         *Defendant*,

and

3F THERAPEUTICS, INC.

                         *Defendant-Appellee*.

_____

_____

[*] Judge Winter, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Local Rules of the United States Court of Appeals for the Second Circuit.

Appearing for Appellant:    Gerald Walpin, New York, NY (Orin Kurtz, Stephen T. Rodd, James S. Burrell, II, Abbey Spanier Rodd & Abrams, LLP, New York, NY, *on the brief*)

Appearing for Appellee:    Andrew L. Morrison (Samantha J. Katze, *on the brief*), K&L Gates, LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant, Arthur N. Abbey, appeals from the district court's judgment entered on February 22, 2011, following its grant of summary judgment in favor of the defendants on his claims under § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), its related regulations, and state common law fraud. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

"To sustain a private claim for securities fraud under Section 10(b), 'a plaintiff must prove (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.' Moreover, a plaintiff's reliance on the defendant's misrepresentation must have been reasonable in order for the claim to proceed." *Ashland Inc. v. Morgan Stanley & Co., Inc.*, 652 F.3d 333, 337 (2d Cir. 2011) (citations omitted).

The undisputed evidence in this case, taken in the light most favorable to Abbey, demonstrates that he is a sophisticated investor. Reliance is unreasonable if "through minimal diligence, the investor should have discovered the truth" in a situation where related documents were readily available, *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005) (internal quotation marks omitted), or where a sophisticated investor failed to take reasonable steps to access critical information. *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98-99 (2d Cir. 1997). Here, there were documents readily available to Abbey that would have demonstrated the financial state of 3FTI and undermined any reliance on Theodore Skokos's representation to Abbey that Abbey's investment was merely "window dressing."

Furthermore, where, as here, the parties have executed a written agreement that contains a provision disclaiming any other representations than those listed in the agreement, it is unreasonable to rely on the alleged extra-contractual misrepresentations. *Harsco Corp. v. Segui*,

2

91 F.3d 337, 345-46 (2d Cir. 1996). As a matter of law, Abbey's reliance on the statements of Skokos was unreasonable.

Abbey's common law fraud claim fails on the same grounds. Reasonable reliance is an element of common law fraud under New York law, and it is assessed in the same manner as under federal securities law. *Ashland*, 652 F.3d at 339; *see also Crigger v. Fahnestock & Co., Inc.*, 443 F.3d 230, 234-35 (2d Cir. 2006).

We have considered Abbey's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk